JACOB LYON v. HIRAM LYON.

*Will—Prior deed—Delivery.*

In this case, upon a review of the testimony, the will under which complainant claims to hold the homestead occupied by himself and wife during her life is held not affected by her *prior* deeds to defendant. The case is one *purely* of fact.

Appeal from Wayne. (Gartner, J.) Argued June 25, 1889. Decided October 18, 1889.

Bill to quiet title to homestead. Complainant appeals

from decree dismissing bill. Reversed and new decree entered. The facts are stated in the opinion.

*Atkinson, Carpenter & Brooke,* for complainant.

*Moore & Canfield,* for defendant.

SHERWOOD, C. J. This suit is a bill filed to quiet title to a homestead consisting of two acres of land situate in Plymouth, in the county of Wayne.

The complainant is 80 years of age; has lived upon the homestead 45 years, and with his wife until she died, in September, 1885.

The defendant, Hiram Lyon, is his son, now 46 years of age, unmarried. He has lived or had his home with his father and mother all his life, and has been arrested twice within the past eight years, and convicted and fined, for assaulting and beating his old father; and after his mother died, he tried to eject the old gentleman from his homestead, who has no other home or property to go to, or, so far as the record shows, any other means of support. The family once consisted of the father and mother and three sons, the other two being Albert and Luther, who are married and have homes of their own.

The defendant had always had his home with his parents. So far as the record shows the old people had always lived comparatively happy together except as some little difficulties arose, usually occasioned by the defendant, or in some way attributable to his conduct or influence. It would appear also without controversy that the complainant purchased the property when it was bought, and paid for it with his own money and property; and that the title was taken in his wife's name to secure her signature to the deed to release her dower in the property which was given in exchange for it, and with the express understanding between them that neither should convey his or her interest in the property in question

without the consent of the other; also, that complainant and his wife occupied the place together, so long as she lived, as their homestead, and that since her death he has continued to occupy the same as his homestead, and now claims to hold the title thereto by virtue of his wife's will, which was made on the twenty-fifth day of September, 1885, three days before her death, and admitted to probate on the twenty-second day of December, 1885, in the county of Wayne, unless the two deeds hereafter mentioned are valid, and prevent the operation of the will.

As a pretense for the claim made and action taken and threatened by the defendant, by which he seeks the exclusive ownership, possession, and control of, and the right to drive out his old father from, this homestead, he presents two deeds made by his mother purporting to convey defendant the property, both appearing to be dated and signed January 7, 1885, and acknowledged on the eighteenth day of February, 1885. One was recorded on the twenty-first day of February, 1885, and the other the twenty-eighth day of September, thereafter.

These deeds were both placed on record by Andrew Passage, cousin of the defendant, and with whom he was on intimate terms, and, if what the defendant says is true, without any knowledge of the facts on part of defendant.

Among the undisputed facts appearing in the record we may also mention the following:

1. That the defendant, at the time these deeds were made, was living with his father and mother, and no doubt saw his mother every day.

2. That Mrs. Lyon never had a word of conversation about the deeds with the defendant, or respecting them.

3. That defendant never paid anything for these conveyances, or for the property therein described.

4. That defendant never knew of the existence of these deeds until after his mother died and they were placed upon record.

5. That prior to Mrs. Lyon's death the deeds were either in her custody, the custody of Hedden, the justice who draughted them, or in possession of Mr. Passage, the cousin of defendant; and that neither Passage nor Hedden ever had any direction from Mrs. Lyon to deliver them, or either of them, to the defendant; and that Mrs. Lyon never made any such delivery of them to the defendant herself.

6. That on all occasions whenever Mrs. Lyon said anything about the relation of the complainant to the property, aside from what appears in the two deeds, she never failed to recognize his interest therein, and said that she wished him and her son, the defendant, to occupy the premises together, as long as complainant lived; that she wished him to occupy one part of the house, and her son the other, and this she was heard to say up to a few days before her death, and even in the last conversation she had; that she made this statement to Hedden, who had draughted the deeds, and after Mr. Hedden called her attention to the fact that she had executed these two deeds; that she treated them as of no account, and, after being informed of what the full effect would be if the execution of the will was fully completed, she then made her will, under which the complainant claims; and her competency to make such will is placed beyond question by the proper probate thereof.

It would seem difficult to make proof stronger than was done in this case, showing that Mrs. Lyon never intended that said deeds should be delivered so as to affect either her or her husband's rights while she or her husband lived, or that they should deprive her of making such disposition of the property as she might thereafter desire to make by her will.

The defendant claims that by virtue of the deeds above stated he is entitled to the fee of said property; that he is entitled to the possession and has the right thereof, and the testimony tends to show that he has attempted to exclude the complainant therefrom, and the complainant asks the interposition of this Court to protect him against the claims of the defendant under said two deeds, and against his action taken, and threatened, to oust him from his homestead, and his rights secured to him under his wife's will.

We think the complainant in this case is entitled to the protection he asks; that the provisions of the will are not affected by the deeds, or either of them; and that he is entitled to have and enjoy such interest and title and such possession of the property as is given him by virtue of the will, unaffected and unincumbered by said deeds; and that the decree made in the case by the circuit judge should be set aside, and a new decree entered accordingly in the circuit court; and that complainant recover the costs of both courts.

We think, by a clear preponderance of the proofs, the facts are established authorizing such decree to be made, when the testimony is carefully examined; and that no other could be made which would do justice between these parties, and properly respect the feelings, wishes, and will of Mrs. Lyon. The authorities cited by defendant's counsel have no application to the facts as established by the preponderance of the evidence in this case. The action of the defendant, and the defense he makes, is not one commending itself very strongly to the equitable consideration of any court.

The other Justices concurred.